IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL KEVIN MCAFFRY** and **SUSAN AUDREY MCAFFRY**,<br><br>Plaintiffs,<br><br>VS<br><br>**3M COMPANY** a/k/a MINNESOTA MINING & MANUFACTURING COMPANY;<br>**THE BOEING COMPANY**;<br>**CROWN CORK & SEAL COMPANY, INC.** (sued individually and as successor-in-interest to MUNDET CORK COMPANY);<br>**EATON AEROQUIP LLC**;<br>**HARCO LLC** f/k/a HARCO LABORATORIES, INCORPORATED;<br>**HONEYWELL INTERNATIONAL, INC.** f/k/a ALLIED-SIGNAL, INC. (sued as successor-in-interest to BENDIX CORPORATION);<br>**HUNTSMAN ADVANCED MATERIALS AMERICAS LLC**, a division of HUNTSMAN INTERNATIONAL LLC (sued individually and as successor-in-interest to CIBA-GEIGY);<br>**IMO INDUSTRIES, INC.** (sued individually and as successor-in-interest to ADEL FASTENERS and WIGGINS CONNECTORS);<br>**UNION CARBIDE CORPORATION**;<br>**UNITED TECHNOLOGIES CORPORATION** (sued as successor-in-interest to PRATT & WHITNEY),<br><br>Defendants | NO. _____ |

## ORIGINAL COMPLAINT AND JURY DEMAND

1.    Plaintiffs MICHAEL KEVIN MCAFFRY and SUSAN AUDREY MCAFFRY are citizens and residents of the State of Tennessee.

2. 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY is a foreign corporation doing business in the State of Illinois whose registered agent for service of process is: CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604-1101.

3. THE BOEING COMPANY is a foreign corporation doing business in the State of Illinois whose registered agent for service of process is: Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703. This Defendant maintains its corporate headquarters at 100 N. Riverside Drive, Chicago, IL 60606.

4. CROWN CORK & SEAL COMPANY, INC. (sued individually and as successor-in-interest to MUNDET CORK COMPANY) is a foreign corporation doing business in the State of Illinois which may be served at its principal place of business: 1 Crown Way, Philadelphia, PA 19154-4599.

5. EATON AEROQUIP LLC is a foreign limited liability company doing business in the State of Illinois whose registered agent for service of process is: CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604-1101.

6. HARCO LLC f/k/a HARCO LABORATORIES, INCORPORATED is a foreign limited liability company doing business in the State of Illinois whose registered agent for service of process is: CT Corporation System, One Corporate Center, Hartford, CT 06103.

7. HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED-SIGNAL, INC. (sued as successor-in-interest to BENDIX CORPORATION) is a foreign corporation doing business in the State of Illinois whose registered agent for service of process is: Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

8. HUNTSMAN ADVANCED MATERIALS AMERICAS LLC, a division of

HUNTSMAN INTERNATIONAL LLC (sued individually and as successor-in-interest to CIBA-GEIGY) is a foreign limited liability company doing business in the State of Illinois whose registered agent for service of process is: Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

9. IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS and WIGGINS CONNECTORS) is a foreign corporation doing business in the State of Illinois whose registered agent for service of process is: CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604-1101.

10. UNION CARBIDE CORPORATION is a foreign corporation doing business in the State of Illinois whose registered agent for service of process is: CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604-1101.

11. UNITED TECHNOLOGIES CORPORATION (sued as successor-in-interest to PRATT & WHITNEY) is a foreign corporation doing business in the State of Illinois whose registered agent for service of process is: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. Section 1332 because: (a) the matter in controversy exceeds $75,000.00 exclusive of interest and costs; and, (b) the matter is between citizens of different states.

13. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this case occurred within this District, and at least one Defendant resides in this District of Illinois.

## GENERAL ALLEGATIONS

### PLAINTIFFS

14. Plaintiffs re-allege Paragraphs 1 through 15 of this Complaint and incorporate them herein by reference.

15. Plaintiff MICHAEL KEVIN MCAFFRY, at all relevant times and during all relevant exposure periods, resided in Cocoa, County of Brevard, Florida; Rantoul, County of Champaign, Illinois; Merced, County of Merced, California; Knoxville, County of Knox, Tennessee; and Atwater, County of Merced, California.

16. SUSAN AUDREY MCAFFRY is the wife of the Plaintiff, MICHAEL KEVIN MCAFFRY.

17. Plaintiff MICHAEL KEVEN MCAFFRY was wrongfully exposed to asbestos, an inherently dangerous toxic substance, as described below:

    a. From approximately 1957 to 1960, intermittently, Plaintiff MICHAEL KEVIN MCAFFRY experienced exposure to asbestos through his Grandfather, Lloyd Hageman, who worked as an owner/operator of Hageman Insulation in Knoxville, Tennessee, and in approximately 1960, intermittently, as an owner/operator of Rocket Insulation in Cocoa, Florida. From approximately 1969 to 1971, Plaintiff worked as an insulator for Rocket Insulation in and around Cocoa, Florida, and worked directly with and in the proximity of others who used and handled asbestos-containing insulation, including Mundet block and pipe covering. From approximately 1969 to 1975, Plaintiff performed maintenance on his personal vehicles and from approximately 1969 to 1970, worked as a mechanic at Arco Gas Station in Cocoa, Florida, and worked directly with and in

the proximity of others who used and handled asbestos-containing products and equipment including, but not limited to, Bendix Brakes. From approximately 1972 to 1975, Plaintiff served as an aircraft maintenance specialist/crew chief in the United States Air Force at Chanute Air Force Base in Rantoul, Illinois, and Castle Air Force Base in Merced, California. From approximately 1975 to 1978, intermittently, Plaintiff served as a maintenance control technician in the Air National Guard in Knoxville, Tennessee. In approximately 1978, Plaintiff completed navigation training at Mather Air Force Base in Sacramento, California. From approximately 1978 to 1979, Plaintiff completed air combat crew training at Castle Air Force Base in Merced, California. Plaintiff worked directly with and in the proximity of others who used and handled asbestos-containing products and equipment including, but not limited to, asbestos-containing 3M Aircraft Adhesive, Ciba-Geigy Aircraft Adhesive, Boeing Aircraft, Pratt & Whitney Aircraft Engines, Adel Wiggins Clamps, Adel Wiggins Connectors, Aeroquip Fire Sleeves, Adel Wiggins Hoses, Harco Thermocouples, and asbestos fibers supplied by Union Carbide Corporation. Plaintiff MICHAEL KEVIN MCAFFRY was regularly exposed to and inhaled asbestos from these products which were used in the insulation of pipes, steam systems and air conditioning ductwork, maintenance of automobiles and military equipment including, but not limited to, aircraft.

18. The above-alleged exposures to asbestos have directly and proximately caused Plaintiff MICHAEL KEVIN MCAFFRY's injury in the form of malignant mesothelioma, with which he was diagnosed on October 26, 2015.

19. The wrongful acts and/or omissions of the Defendants described in further detail below directly and proximately caused the development of Plaintiff MICHAEL KEVIN MCAFFRY's asbestos-caused cancer.

20. Plaintiff MICHAEL KEVIN MCAFFRY has suffered severe shocks to the nervous and respiratory systems, has become sick and disabled, and has suffered great pain, discomfort and physical impairment.

21. Plaintiff MICHAEL KEVIN MCAFFRY has suffered mental pain and anguish, has become liable for large sums of money for medical and hospital care, and has suffered losses to his personal property and possessions.

22. Plaintiff MICHAEL KEVIN MCAFFRY was ignorant of the true dangerous nature of asbestos and of the nature of the risks incurred by workers working in or near materials, products and equipment containing asbestos.

23. Each Defendant had actual knowledge, or, in the exercise of reasonable care, should have known of the dangerous propensities of asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products and that exposure to the asbestos from those products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products could cause injury, disease and death.

24. It was reasonably foreseeable by the Defendants who made and distributed the asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products named above that persons working with or near their products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products would be ignorant of their dangers and would be exposed to the asbestos from those products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products

and would suffer serious and fatal diseases caused by inhaling the asbestos from them.

25. Each Defendant that manufactured or distributed the above named products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products had a duty to exercise a reasonable degree of care and caution in manufacturing, designing, selling, and/or distributing their products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products so as to avoid disease and injury to those working with or near their products.

26. Each Defendant that manufactured or distributed the above named products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products was guilty of one or more of the following negligent and wrongful acts and/or omissions:

> a) Designing, manufacturing, packaging, distributing, and/or shipping asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products which they knew would harm users, and those in proximity to users of those products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, including Plaintiff MICHAEL KEVIN MCAFFRY, by causing asbestos-related disease;
>
> b) Failing to investigate or test for the health effects of their asbestos products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products prior to distribution and sale despite knowing that such an investigation was necessary to prevent harm to users and those in proximity to users of those products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing

products;

c) Failing to warn Plaintiff MICHAEL KEVIN MCAFFRY or others of the danger and harm to which they were exposed while using their asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products;

d) Failing to instruct Plaintiff MICHAEL KEVIN MCAFFRY and others in the proper handling of asbestos products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products or to recommend a reasonably safe method of handling and installing their products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, or sufficient wearing apparel and proper protective equipment and/or appliances or packaging to protect Plaintiff MICHAEL KEVIN MCAFFRY from being exposed to asbestos from their products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.

27. That each named Defendant in this action engaged in one or more of the aforesaid acts or omissions in concert with one or more Co-Defendants pursuant to a common design, and/or provided encouragement and/or substantial assistance and each was a proximate cause of said occurrence and Plaintiff MICHAEL KEVIN MCAFFRY's personal injuries as hereinafter mentioned.

28. As a direct and proximate result of the above acts and omissions of Defendants, Plaintiff MICHAEL KEVIN MCAFFRY was exposed to asbestos contained in or used in association with Defendants' products and/or equipment requiring or calling for the use of

asbestos and/or asbestos-containing products, breathing the dust from said products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products into his lungs and causing him injury.

29. Plaintiff MICHAEL KEVIN MCAFFRY became aware of his asbestos-related disease and that it was caused by Defendants' wrongful conduct in October 2015.

30. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Plaintiff MICHAEL KEVIN MCAFFRY, and of the following general and special damages including:

    (a) Damages to punish Defendants for proximately causing Plaintiff MICHAEL KEVIN MCAFFRY's untimely injuries and illness;

    (b) Physical pain and mental anguish sustained by Plaintiff MICHAEL KEVIN MCAFFRY in the past;

    (c) Physical pain and mental anguish that Plaintiff MICHAEL KEVIN MCAFFRY, in reasonable probability, will sustain in the future;

    (d) The past disfigurement suffered by Plaintiff MICHAEL KEVIN MCAFFRY;

    (e) The future disfigurement that Plaintiff MICHAEL KEVIN MCAFFRY, in reasonable probability, will sustain in the future;

    (f) The physical impairment sustained by Plaintiff MICHAEL KEVIN MCAFFRY in the past;

    (g) The physical impairment that Plaintiff MICHAEL KEVIN MCAFFRY, in reasonable probability, will sustain in the future;

    (h) The medical expenses incurred by Plaintiff MICHAEL KEVIN

    MCAFFRY in the past;

(i)    The medical expenses that Plaintiff MICHAEL KEVIN MCAFFRY, in reasonable probability, will sustain in the future;

(j)    Plaintiff MICHAEL KEVIN MCAFFRY's lost earning capacity sustained in the past;

(k)    Loss of household services that, in reasonable probability, Plaintiff SUSAN AUDREY MCAFFRY will sustain in the future;

(l)    The loss of consortium sustained by Plaintiff SUSAN AUDREY MCAFFRY in the past;

(m)    The loss of consortium that, in reasonable probability, Plaintiff SUSAN AUDREY MCAFFRY will sustain in the future;

(n)    Any and all other recoverable personal injury, survival, and/or wrongful death damages for Plaintiffs and Plaintiffs' heirs.

## COUNT 1

## NEGLIGENCE

31.    Now come the Plaintiffs, MICHAEL KEVIN MCAFFRY and SUSAN AUDREY MCAFFRY, complaining of Defendants **3M COMPANY** a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, **THE BOEING COMPANY**, **CROWN CORK & SEAL COMPANY, INC.** (sued individually and as successor-in-interest to MUNDET CORK COMPANY), **EATON AEROQUIP LLC**, **HARCO LLC** f/k/a HARCO LABORATORIES, INCORPORATED, **HONEYWELL INTERNATIONAL, INC.** f/k/a ALLIED-SIGNAL, INC. (sued as successor-in-interest to BENDIX CORPORATION), **HUNTSMAN ADVANCED MATERIALS AMERICAS LLC**, a division of HUNTSMAN INTERNATIONAL LLC (sued

individually and as successor-in-interest to CIBA-GEIGY), **IMO INDUSTRIES, INC.** (sued individually and as successor-in-interest to ADEL FASTENERS and WIGGINS CONNECTORS), **UNION CARBIDE CORPORATION**, **UNITED TECHNOLOGIES CORPORATION** (sued as successor-in-interest to PRATT & WHITNEY), and concurrently allege as follows:

1-31.   Plaintiffs restate and re-allege paragraphs 1 to 31 above as though fully set forth herein.

WHEREFORE, Plaintiffs pray that this Court grants judgment for compensatory, general, and special damages against all Defendants, jointly and severally, for all injuries and damages alleged above in an amount in excess of the jurisdictional minimum necessary to bring this matter before this Court.

## COUNT II
## LOSS OF CONSORTIUM

32.   Plaintiffs re-allege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

33.   Plaintiff SUSAN AUDREY MCAFFRY is, and was at all times mentioned, the lawful spouse of MICHAEL KEVIN MCAFFRY, and she has enjoyed MICHAEL KEVIN MCAFFRY's companionship, care, services and love.

34.   As a direct and proximate result of one or more of the wrongful acts of the Defendants, Plaintiff SUSAN AUDREY MCAFFRY has been deprived of the services, companionship, society and conjugal relationship of her husband, MICHAEL KEVIN MCAFFRY, since the time of his diagnosis.

35.   Plaintiff SUSAN AUDREY MCAFFRY has also been hindered and prevented from transacting and attending her usual business and personal affairs.

36. Plaintiff SUSAN AUDREY MCAFFRY was not contributorily negligent in this matter.

WHEREFORE, Plaintiffs pray that this Court grants judgment for compensatory, general, and special damages against all Defendants, jointly and severally, for all injuries and damages alleged above in an amount in excess of the jurisdictional minimum necessary to bring this matter before this Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all matters so triable.

Respectfully submitted,

/s/ Rajesh Kanuru, Esq._____
Rajesh Kanuru, Esq.

KP Law, LLC
105 W. Adams, Suite 2325
Chicago, IL 60603
rkanuru@kplawonline.com
Telephone: (312) 855-9330
ARDC# 6286540

And

SIMON GREENSTONE PANATIER BARTLETT, PC
Dana Simon, Esq. (pro hac vice pending)
3232 McKinney Avenue, Suite 610
Dallas, Texas 75205
dsimon@sgpblaw.com
Telephone: (214) 276-7680

Attorneys for Plaintiffs